UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:24-cv-00449-MCS-BFM | Date February 16, 2024 |
| Title *Fierro v. Nat'l Ass'n of Realtors* | |

Present: The Honorable **Mark C. Scarsi, United States District Judge**

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER STAYING CASE (ECF NO. 112) (JS-6)

Several of the parties to this putative antitrust class action stipulate to an extended schedule for Plaintiffs' amendment of the complaint and Defendants' response thereto. The parties intend to defer further proceedings in this action until the Judicial Panel on Multidistrict Litigation resolves a pending 28 U.S.C. § 1407 motion, which the parties anticipate will take at least a month. (Stip., ECF No. 112.)

The Court denies the stipulation but, for the reasons presented therein, on its own motion stays the case until the Judicial Panel on Multidistrict Litigation resolves the § 1407 motion. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). When considering whether to exercise discretion to grant a stay, a court must examine "the competing interests which will be affected by the granting or refusal to grant a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). The relevant interests are: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly cause of justice measured in terms of

the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* (quoting *CMAX*, 300 F.2d at 268).

Here, the parties' interests and the orderly cause of justice favor a stay. The § 1407 motion may significantly impact these proceedings and require transfer of the case. The Court infers the parties' interests favor a stay given their acquiescence to a significant extension of the pleadings stage of the case pending resolution of the § 1407 motion.

The Court directs the Clerk to remove this case from the Court's active caseload until further application by the parties or order of this Court. The parties shall file a joint status report within 120 days, and a further report every 120 days thereafter. Each report must state on the cover page the date the next report is due. Additionally, the parties must notify the Court within seven days of the resolution of the § 1407 motion.

**IT IS SO ORDERED.**