**ARMSTRONG TEASDALE LLP**
Julie Westcott O'Dell (SBN 291083)
19800 MacArthur Boulevard, Suite 300
Irvine, CA 92612
Telephone: (949) 255-6433
Email: jodell@atllp.com

*Attorneys for Defendants eXp World Holdings, Inc.; eXp Realty of California, Inc.; eXp Realty of Southern California, Inc.; eXp Realty of Greater Los Angeles, Inc.; eXp Realty of Northern California, Inc.*

*Additional Counsel Appear on Signature Page*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAEL FIERRO and PATRICK THURBER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL ASSOCIATION OF REALTORS, THE AGENCY REAL ESTATE FRANCHISING, LLC, COMPASS, INC., EXP WORLD HOLDINGS, INC., EXP REALTY OF CALIFORNIA, INC., EXP REALTY OF SOUTHERN CALIFORNIA, INC., EXP REALTY OF GREATER LOS ANGELES, INC., EXP REALTY OF NORTHERN CALIFORNIA, INC., BERKSHIRE HATHAWAY, INC., BHH AFFILIATES, LLC, FIRST TEAM REAL ESTATE – ORANGE COUNTY, RODEO REALTY, INC., PINNACLE ESTATE PROPERTIES, INC., CALIFORNIA REGIONAL MULTIPLE LISTING SERVICE, INC., COMBINED L.A./WESTSIDE MLS, INC., CALIFORNIA ASSOCIATION OF REALTORS, INC., GREATER LOS ANGELES REALTORS, INC., ARCADIA ASSOCIATION OF REALTORS, INCORPORATED, BURBANK ASSOCIATION OF REALTORS, | Case No. 2:24-cv-00449-MCS-BFM<br><br>Class Action<br><br>**JOINT STATUS REPORT**<br><br>Judge:     Hon. Mark C. Scarsi<br>Courtroom: 7C |

| | |
|---|---|
| 1 | CITRUS VALLEY ASSOCIATION OF REALTORS, INC., GLENDALE |
| 2 | ASSOCIATION OF REALTORS, INGLEWOOD BOARD OF |
| 3 | REALTORS, INC., MONTEBELLO DISTRICT ASSOCIATION OF |
| 4 | REALTORS, INC., PALOS VERDES PENINSULA ASSOCIATION OF |
| 5 | REALTORS, PASADENA-FOOTHILLS ASSOCIATION OF |
| 6 | REALTORS, RANCHO SOUTHEAST REALTORS, SOUTH BAY |
| 7 | ASSOCIATION OF REALTORS, INC., SOUTHLAND REGIONAL |
| 8 | ASSOCIATION OF REALTORS, INC., TRI-COUNTIES |
| 9 | ASSOCIATION OF REALTORS, WEST SAN GABRIEL VALLEY |
| 10 | REALTORS, MALIBU ASSOCIATION OF REALTORS, |
| 11 | INC., MADERA ASSOCIATION OF REALTORS, FRESNO BOARD OF |
| 12 | REALTORS, INCORPORATED, MERCED COUNTY ASSOCIATION |
| 13 | OF REALTORS, INC., and MARIPOSA COUNTY BOARD OF |
| 14 | REALTORS, INC., |
| 15 | Defendants. |

Plaintiffs Gael Fierro and Patrick Thurber (collectively the "Plaintiffs") and Defendants submit this Joint Status Report pursuant to the Court's April 30, 2024 Order that (1) stayed the entire case for 60 days; and (2) stayed the case as to certain Defendants pending final approval of settlements in related litigation.

**Joint Statement:**

<u>NAR Settlement</u>

On April 22, 2024, in a case styled *Burnett et al. v. The National Association of Realtors et al.*, Case No. 4:19-CV-00332-SRB, in the United States District Court for the Western District of Missouri, Western Division ("WDMO"), the honorable Stephen R. Bough entered an Order granting Preliminary Approval of a nationwide class settlement that arguably releases the claims asserted in this case against The National Association of Realtors (the "NAR Settlement"). The NAR Settlement includes releases for certain classes of defined groups that meet defined criteria, including REALTORS®, REALTOR® Multiple Listing Services ("MLS"), and real estate brokerages with a calendar year 2022 Total Transaction Volume for residential home sales of $2 billion or less.

The final approval hearing for the NAR Settlement is scheduled for November 26, 2024.

"Released Parties" in the NAR Settlement also includes Non-REALTOR® MLSs. Real estate brokerages with a calendar year 2022 Total Transaction Volume for residential home sales greater than $2 billion may also "opt-in" to the NAR Settlement through procedures set out in the terms of the NAR Settlement. The Parties disagree whether Defendants in this case who have "opted in" but have not executed settlement agreements and have not contributed any payments to the settlement fund qualify as Released Parties. For those defendants who elect to opt-in, the following deadlines apply:

Deadline to opt-in:       June 18, 2024

|   |   |
|---|---|
| Deadline to mediate:[1] | August 10, 2024 |
| Deadline to agree to terms: | August 30, 2024 |

Settlement agreements with defendants who successfully opt-in to the NAR Settlement will not become final until after obtaining preliminary and final approval in accordance with Federal Rule of Civil Procedure 23.

In its Order granting Preliminary Approval of the NAR Settlement, the WDMO Court ordered that "Members of the Settlement Class, unless they exclude themselves from the Settlement Class, are hereby preliminarily enjoined from filing, commencing, prosecuting, intervening in, or pursuing as a plaintiff or class member any claims against NAR, or any Released Party, as defined by the Settlement Agreement, that arise from or relate to conduct that was alleged or could have been alleged in the Actions based on any or all of the same factual predicates for the claims alleged in the Actions . . . pending completion of the notice and claims process (including the opportunity for members of the Settlement Class to opt out of the Settlement) and this Court's ruling on a motion for final approval of the Settlement." *Burnett v. The National Association of Realtors, et al.*, Case No. 4:19-CV-00332, ECF No. 1460 ¶ 18.[2]

Other Settlements

In addition to the NAR Settlement, Compass, Inc. has also negotiated a nationwide class settlement that is pending final approval and BHH Affiliates, LLC

---

[1] Those defendants who agree to pay a settlement amount calculated pursuant to the formula set forth in the NAR Settlement need not mediate.

[2] While Plaintiffs agree that this provision is included in the applicable orders, they reserve all rights with regards to the enforceability of such a provision in this District Court. Among other concerns, Plaintiffs note that there are jurisdictional problems with the WDMO enjoining claims under California law filed by California residents against California-based Defendants when those claims were never asserted in the WDMO and after the Judicial Panel on Multidistrict Litigation denied a petition for centralization over those claims and Parties. Plaintiffs also note there are procedural concerns with such a provision before potential class members have notice and an opportunity to opt-out as well as potential issues with the tolling of the statute of limitations in the event the NAR Settlement is not approved and/or an adverse class certification decision is reached. *China Agritech v. Michael H. Resh*, 584 U.S. 732, 748 (2018).

has entered into a proposed nationwide class settlement.

Agreements

All Parties agree that (a) this action remains stayed as to the REALTOR® Defendants through a determination on final approval of the NAR Settlement, pursuant to the Court's Order dated April 30, 2024 (ECF 148); and (b) this proceeding should continue to be stayed as to Compass, Inc., BHH Affiliates LLC, the National Association of Realtors, and all other defendants who are included among the class of Released Parties under the terms of the NAR Settlement through the decision in final approval of the NAR Settlement.[3]

Disagreements

The Parties disagree as to whether—and if so, how long—this proceeding should continue to be stayed as to those defendants that do not fall within the definition of Released Parties of the NAR Settlement and who have not already settled. The Parties also disagree whether the following Defendants who have not executed settlement agreements are Released Parties under the NAR Settlement: The Agency Real Estate Franchising, LLC, First Team Real Estate, Rodeo Realty, Inc., and Pinnacle Estate Properties, Inc.

Accordingly, Plaintiffs and the Defendants each set forth their proposed next steps for the litigation.

**Plaintiffs Statement and Proposed Schedule:**

Since the Court's Order granting the stay, Plaintiffs have engaged in efforts to resolve the claims in this case against the entities that fall within the opt-in procedures of the NAR Settlement, as well as a handful of real estate brokerages operating in California who are not currently defendants in this (or any other) case. Plaintiffs' counsel have worked in coordination with counsel for plaintiffs in the NAR Settlement to use the framework prescribed in that settlement agreement, filed in this

---

[3] This group of defendants includes California Regional Multiple Listing Service, Inc., and Combined L.A./Westside MLS, Inc.

matter at ECF No. 145-1, including the mediation process set forth therein. Efforts to resolve the claims are ongoing.

As previewed above, the Parties disagree whether certain Defendants in this case who have not executed settlement agreements and have not contributed any consideration to the NAR Settlement are "Released Parties." A brokerage that opts into the NAR Settlement does not become a "Released Party" unless, among other things, it "agrees to be bound by the procedure and requirements reflected in Section B of Appendix C, <u>including by making payments pursuant to those Paragraphs</u>." ECF No. 145-1, Settlement Agreement, ¶ 18(f) (emphasis added). Brokerages that have simply agreed to mediate or discuss settlement, but have not executed a settlement agreement and agreed to make any payments, are not "Released Parties" under the NAR Settlement Agreement. Accordingly, Plaintiffs and Defendants disagree whether the following Defendants are "Released Parties": The Agency Real Estate Franchising, LLC, First Team Real Estate, Rodeo Realty, Inc., and Pinnacle Estate Properties, Inc.  Plaintiffs refer to these Defendants, along with Defendants eXp World Holdings, Inc.; eXp Realty of California, Inc.; eXp Realty of Southern California, Inc.; eXp Realty of Greater Los Angeles, Inc.; and eXp Realty of Northern California, Inc. as the "Non-Settling Defendants."

The Non-Settling Defendants' interpretation of the NAR Settlement would not require a real estate brokerage to execute a settlement agreement or contribute any consideration, monetary or otherwise, before obtaining the benefits of a general release and stay of litigation. Such a position is inconsistent with the purpose of the NAR Settlement framework that requires "making payments" to be a Released Party. ECF No. 145-1, Settlement Agreement, ¶ 18(f). The Non-Settling Defendants, who have been afforded ample opportunity during the recent 60-day stay to resolve the claims against them, should not continue to enjoy the benefits other Defendants who have executed settlement agreements and contributed payments to the settlement fund have secured.

Accordingly, Plaintiffs would like to move forward with their claims against the Non-Settling Defendants and request that the Court enter a preliminary schedule for Plaintiffs to file an amended complaint, set a preliminary briefing schedule on any contemplated pleading challenges, and set a Rule 16 scheduling and discovery conference as follows:

| | |
|---|---|
| Plaintiffs' First Amended Complaint Due | 45 days after Court's order setting schedule |
| Non-Settling Defendants' Motions to Dismiss | 60 days after filing and service of the Amended Complaint[4] |
| Plaintiffs' Oppositions to Non-Settling Defendants' Motions to Dismiss | 30 days after Defendants' Motions |
| Non-Settling Defendants' Replies In Support of Motions to Dismiss | 30 days after Plaintiffs' Opposition |
| Rule 16 Scheduling Conference for Plaintiffs and the Non-Settling Defendants | August 12, 2024 at 10:00 a.m. or next available date |

Plaintiffs' proposed briefing schedule will not require any Non-Settling Defendant to take any steps with regards to motion practice until after the August 30, 2024 deadline to agree to terms under the NAR Settlement framework. By contrast, deferring all litigation in this case against the Non-Settling Defendants until after final approval in the WDMO could result in years of delay to account for inevitable objections and appeals. Moreover, the JPML considered whether this and related cases in the WDMO would benefit from centralized proceedings and determined that they would not, further supporting Plaintiffs' position that litigation should not be delayed in perpetuity in this Court pending proceedings in the WDMO involving

---

[4] Plaintiffs suggest 60 days for filing the motions to dismiss because their amended complaint contemplates adding new defendants. As part of their efforts to settle and resolve all potential claims in accordance with the NAR Settlement, Plaintiffs have notified these potential defendants of their intention to add them to this litigation.

different claims and different parties.

**Defendants' Statement and Proposed Schedule:**

Contrary to Plaintiffs' arguments, the NAR Settlement's definition of Released Parties includes brokerages with total transaction volume over $2 billion in 2022 who opt in to the NAR Settlement and sets out a procedure for the mediation and resolution of the claims against those defendants. As the Plaintiffs concede, the time period for that mediation process has not yet run. The WDMO preliminary approval order enjoins the Plaintiffs from pursuing claims against any entities that fall within that category through final approval of the NAR Settlement. *Burnett v. The National Association of Realtors, et al.*, Case No. 4:19-CV-00332, ECF No. 1460 ¶ 18. And this Court's April 30, 2024 Order on the Motion to Stay states that after the 60 day stay in this case expired, "Plaintiffs and any remaining defendants **who have not opted into the NAR Settlement Agreement or have not otherwise settled**, shall propose a litigation and briefing schedule for any responses to the Complaint and/or amended complaint." (ECF No. 148 ¶ 8 (emphasis added).) Under both the WDMO preliminary approval order and this Court's Stay, this case must remain stayed as to the brokerages who are still in the process of mediating with Plaintiffs in connection with the NAR Settlement. For those Defendants that fall within the Released Parties through the opt in procedures, their settlement agreements, if any, will be subject to approval by the WDMO, which retains jurisdiction over the NAR Settlement. It makes no sense for this case to proceed against these Defendants while they are still in the time period allotted to mediate with the Plaintiffs.

As of this date, the eXp Defendants (having previously been named as defendants in the *Gibson/Umpa* cases filed in 2023 in the WDMO) are excluded from the NAR Settlement by its terms, and other Defendants may hereafter become excluded from the NAR Settlement, either because they are unable to reach an agreement or because any such agreement is not approved by the Court. To avoid dividing this proceeding into multiple tracks, with one schedule applying to the eXp

1  Defendants and another schedule applying to other Defendants who may become
2  excluded from being a Released Party under the NAR Settlement, Defendants
3  respectfully submit a single schedule as follows:

| | |
|---|---|
| Plaintiffs' First Amended Complaint Due | 45 days after WDMO's order on final approval of last remaining defendant's proposed settlement |
| Non-Settling Defendants' Motions to Dismiss | 60 days after all Defendants named in the First Amended Complaint have been served |
| Plaintiffs' Oppositions to Non-Settling Defendants' Motions to Dismiss | 30 days after Defendants' Motions |
| Non-Settling Defendants' Replies in Support of Motions to Dismiss | 30 days after Plaintiffs' Opposition |
| Rule 16 Scheduling Conference | 30 days after WDMO's order on final approval of last remaining defendant's proposed settlement |

Respectfully submitted,

DATED: July 15, 2024      **KAPLAN FOX & KILSHEIMER LLP**

By: */s/ Matthew B. George*
         Matthew B. George

Matthew B. George (SBN 239322)
Blair E. Reed (SBN 316791)
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone: 415-772-4700
Email: mgeorge@kaplanfox.com
           breed@kaplanfox.com

**KAPLAN FOX & KILSHEIMER LLP**
Frederic S. Fox (*pro hac vice*)
Jeffrey P. Campisi (*pro hac vice*)
Matthew P. McCahill (*pro hac vice*)
800 Third Avenue, 38th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714
Email: *ffox@kaplanfox.com*
    *jcampisi@kaplanfox.com*
    *mmccahill@kaplanfox.com*

**KAPLAN FOX & KILSHEIMER LLP**
Justin B. Farar (SBN 211556)
12400 Wilshire Boulevard, Suite 460
Los Angeles, CA 90025
Telephone: 310-614-7260
Email: *jfarar@kaplanfox.com*

**THE PETTIT LAW FIRM**
Julie Pettit (*pro hac vice*)
David B. Urteago (*pro hac vice*)
2101 Cedar Springs, Suite 1540
Dallas, Texas 75201
Telephone: (214) 329-0151
Facsimile: (214) 329-4076
Email: *jpettit@pettitfirm.com*
    *durteago@pettitfirm.com*

**LYNN PINKER HURST & SCHWEGMANN, LLP**
Michael K. Hurst (*pro hac vice*)
Chris Schwegmann (*pro hac vice*)
Yaman Desai (*pro hac vice*)
Jessica Cox (*pro hac vice*)
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone: (214) 981-3800
Facsimile: (214) 981-3839
Email: *mhurst@lynnllp.com*
    *cschwegmann@lynnllp.com*
    *ydesai@lynnllp.com*
    *jcox@lynnllp.com*

*Attorneys for Plaintiffs and the Proposed Classes*

DATED: July 15, 2024

**MUNCK WILSON MANDALA, LLP**

By: */s/ Jenifer C. Wallis*
         Jenifer C. Wallis

Jenifer C. Wallis (SBN 303343)
1925 Century Park East, Suite 2300
Los Angeles, CA 90067
T: 310-855-3311
F: 972-628-3616
Email: jwallis@munckwilson.com

*Attorney for Defendant The Agency Real Estate Franchising, LLC*

DATED: July 15, 2024

**ARMSTRONG TEASDALE LLP**

By: */s/ Julie Westcott O'Dell*
         Julie Westcott O'Dell

Julie Westcott O'Dell (SBN 291083)
19800 MacArthur Boulevard, Suite 300
Irvine, CA 92612
(858) 703-7200
jodell@atllp.com

**ARMSTRONG TEASDALE LLP**
Stephen J. Siegel (*pro hac vice*)
Julie Johnston-Ahlen (*pro hac vice*)
Serena G. Rabie (*pro hac vice*)
100 North Riverside Plaza
Chicago, IL 60606
(312) 419-6900
ssiegel@atllp.com
jja@atllp.com
srabie@atllp.com

**SAUL EWING LLP**
Francis X. Riley III (*pro hac vice application forthcoming*)
650 College Road East, 4th Floor
Princeton, NJ 08540
(609) 452-3150
francis.riley@saul.com

*Attorneys for Defendants eXp World Holdings, Inc.; eXp Realty of California, Inc.; eXp Realty of Southern California, Inc.; eXp Realty of Greater Los Angeles, Inc.; eXp Realty of Northern California, Inc.*

DATED: July 15, 2024

**MANNING AND KASS ELLROD RAMIREZ TRESTER LLP**

By: */s/ Anthony J. Ellrod*
         Anthony J. Ellrod

Anthony J. Ellrod
Natalya Vasyuk
Yury A. Kolesnikov
Fredric W. Trester
Linna Thai Loangkote
801 South Figueroa Street, 15th Floor
Los Angeles, CA 90017
T: 213-624-6900
F: 213-624-6999
tony.ellrod@manningkass.com
natalya.vasyuk@manningkass.com
yury.kolesnikov@manningkass.com
fred.trester@manningkass.com
linna.loangkote@manningkass.com

*Attorneys for Defendant First Team Real Estate – Orange County*

DATED: July 15, 2024

**BERRY SILBERBERG AND STROKES PC**

By: */s/ Carol M. Silberberg*
         Carol M. Silberberg

Carol M. Silberberg
Joshua C. Stokes
11600 Washington Place, Suite 202C
Los Angeles, CA 90066
T: 213-986-2690
F: 213-986-2677
csilberberg@berrysilberberg.com
jstokes@berrysilberberg.com

*Attorneys for Defendant Pinnacle Estate Properties, Inc.*

DATED: July 15, 2024

**CARLSON LAW GROUP INC**

By: */s/ Mark C. Carlson*
      Mark C. Carlson

Mark C. Carlson
Joshua W. Miller
6300 Canoga Avenue Suite 1300
Woodland Hills, CA 91364
T: 818-996-7800
F: 818-884-4285
mark.carlson@carlsonlawgroup.com
joshua.miller@carlsonlawgroup.com

*Attorneys for Defendant Rodeo Realty, Inc.*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Julie Westcott O'Dell, attest that concurrence in the filing of this document has been obtained from the other signatories.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 15th day of July, 2024, at San Diego, California.

*/s/ Julie Westcott O'Dell*
Julie Westcott O'Dell

**CERTIFICATE OF SERVICE**

Julie Westcott O'Dell, an attorney, hereby certifies that, on July 15, 2024, she caused a true and correct copy of the foregoing to be filed electronically with the Court's CM/ECF system, and that notice of this filing was sent by electronic mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to receive electronic filings as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

  /s/ Julie Westcott O'Dell